UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

WILLIAM GORDON,

                        Plaintiff,            02 Civ. 5897 (TPG)

        - against -                **OPINION**

CITY OF NEW YORK, Correction Officer
TIMMONS (BADGE #5293), and JOHN
DOE #1, and JOHN DOE #2,

                    Defendants.

------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/5/09

      Plaintiff pro se William Gordon brings this action under 42 U.S.C. § 1983 alleging that defendants City of New York, Sharrie Timmons, and two John Does violated his constitutional rights.

      Defendants City of New York and Sharrie Timmons move to dismiss the complaint pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. The motion is unopposed, and is granted.

### PRIOR PROCEEDINGS

      Plaintiff commenced this action on July 25, 2002, alleging two claims: (1) four personal items were taken from his cell on July 11, 2000, and (2) he was injured when he was negligently transported to court on August 22, 2000 and was denied medical attention. He named as defendants the City of New York, Clyton Eastmond, and Sharrie

Timmons. By order dated July 25, 2002, the court dismissed plaintiff's first claim regarding his property, because plaintiff had failed to state a claim on which relief may be granted. The court, however, granted plaintiff leave to amend his complaint that he was injured when he was transported to court, and thereafter denied medical treatment.

Plaintiff filed the amended complaint now before this court on August 26, 2002, and this time named as defendants the City of New York, Correctional Officer Sharrie Timmons, John Doe #1 (an unidentified Correctional Officer), and John Doe #2 (an unidentified doctor or nurse). The complaint asserts that on August 22, 2000, two correction officers, Timmons and John Doe #1, forced plaintiff to ride to court in a transport cage aboard a Department of Correction bus, while handcuffed to a 300 pound inmate, despite the fact that plaintiff was unable to sit down in these conditions and feared for his safety. Plaintiff asserts that, during the 45-50 minute trip from Rikers Island to Brooklyn Supreme Court, he sustained permanent cartilage damage to his left knee, as well as injury to his back. Plaintiff further claims that John Doe #2 refused to provide him medical attention when he returned to Rikers Island.

Defendants City of New York and Timmons filed an Answer to the amended complaint on April 22, 2003. In the Answer, defendants denied the substantive allegations of the complaint and asserted affirmative defenses. On April 22, 2003, plaintiff filed written requests for discovery

with the court, but these requests were never served on defendants. Plaintiff also filed a Notice of Change of Address with the court on October 23, 2003.

On February 20, 2007, defendants served their first set of interrogatories and requests for production of documents on plaintiff by certified mail. To date, plaintiff has still not responded. By letter dated April 9, 2007, on which plaintiff was copied, defendants informed the court that plaintiff had failed to respond to defendants' discovery demands. Defendants requested that the court order plaintiff to respond to their discovery requests by a certain date or suffer dismissal of the action for failure to prosecute.

By letter application dated August 13, 2007, defendants moved to dismiss the case for failure to prosecute. On September 19, 2007, plaintiff and defendants' counsel attended a court conference. Plaintiff informed the court that he had relocated to North Carolina, but that he still picked up his mail at the Bronx address, to which defendants had sent the April 9 and August 13 letters. The court did not rule on defendants' letter application for dismissal at that time.

Since this conference, plaintiff has made no further effort to prosecute this action and has not contacted the court or defendants' counsel. On September 29, 2008, defendants filed the instant motion to dismiss this action for failure to prosecute. Defendants affirm that on September 29, 2008, they served this motion on plaintiff by depositing a

copy of the relevant documents in a first class certified mail postpaid wrapper, directed at the address designated by plaintiff. In addition, because defendants' initial Notice of Motion filed with the court used the wrong civil case number, defendants affirm that on October 7, 2008, they filed an Amended Notice of Motion with the court, which they also served on plaintiff in the same manner described above. There is no reason for the court to believe that plaintiff did not receive these documents. To date, plaintiff has not submitted any opposition to this motion.

## DISCUSSION

Defendants bring this motion under Fed. R. Civ. P. 41(b), which states:

> (b) *Involuntary Dismissal; Effect.* If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

The Second Circuit has articulated five factors that a district court should consider when deciding a motion to dismiss for failure to prosecute. These factors are: (1) the duration of the plaintiff's failure to prosecute; (2) whether the plaintiff received notice that further delays would result in a dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the court's calendar

congestion and the plaintiff's due process rights; and (5) whether the court has addressed the appropriateness of lesser sanctions. Shannon v. Gen. Elec. Co., 186 F.3d 186, 193-94 (2d Cir. 1999).

Review of the record in the present case suggests that the court should grant defendants' motion to dismiss. Over five years have passed since the close of pleadings, and plaintiff has not communicated with the court or defense counsel since September 19, 2007. To date, plaintiff has not responded to defendants' discovery demands. Plaintiff was put on notice of the possibility that this action would be dismissed for failure to prosecute by defendants' letters dated April 9 and August 13, 2007, and the court conference held on September 19, 2007. The court may presume that defendants would suffer prejudice from unreasonable delay, because "delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." Id. at 195. Plaintiff cannot claim that the dismissal of this action denies him his right to due process and a fair opportunity to be heard when the dismissal is the result of plaintiff's own inaction. See Lukensow v. Harley Cars of New York, 124 F.R.D. 64, 67 (S.D.N.Y. 1989). Plaintiff has not responded to the instant motion to dismiss, nor represented to the court that he is prepared to prosecute his claims diligently. Finally, the court has no reason to believe that lesser sanctions would be effective in encouraging plaintiff to prosecute this matter.

6

## CONCLUSION

Defendants' motion to dismiss the action for failure to prosecute is granted, and the action is dismissed with prejudice.

Dated: New York, New York
May 5, 2009

SO ORDERED

_____
Thomas P. Griesa
U.S.D.J.